# CHITTENDEN COUNTY,

[Continued from *ante*, page 189.]

---

THE PROBATE COURT FOR THE DISTRICT OF CHITTENDEN, CHARLES D. KASSON, Administrator of TRUMAN POWELL, *Prosecutor, v.* NEHEMIAH SAXTON.

Upon a general demurrer to a plea, which is defective in substance, judgment will, nevertheless, be rendered, that the plea is sufficient, if the declaration is fatally defective in substance.

If, in a declaration upon an administrator's bond, the breach assigned be the non payment of a debt allowed by the commissioners against the estate, the creditor must at least set forth so much in his declaration, as will show that the administrator was liable to pay the whole debt. It is not sufficient to allege that there was a large amount of property that belonged to the estate, " and more than sufficient to pay all debts allowed by the commissioners against the estate, and all charges and expenses of administering on the same." And if the state be in fact insolvent, the declaration must show that an order of distribution and payment has been made by the probate court.

DEBT upon a bond, executed by the defendant and one Louisa Rice, conditioned for the faithful performance, by the said Louisa, of the duties imposed upon her by law as administratrix upon the estate of Mark Rice. The breaches assigned in the declaration were,—First, That the said Louisa did not make and return a true inventory of the estate of the said Mark Rice;—Second, That she did not, by the time specified in the bond, nor ever before, or afterwards, render to the probate court an account of her administration;—Third, That the said estate was, by the said Louisa, represented insolvent, and commissioners were appointed, and the said Powell presented before them a claim against the estate, upon which there was allowed to him the sum of $56.75; that " a large amount of

' real and personal estate, belonging to the estate of the said Mark
' Rice, came to the knowledge and possession of said Louisa, as
' such administratrix, to wit, more that $10.000, to wit, on the 20th
' day of April, 1830, and more than sufficient to pay all debts al-
' lowed by the said commissioners against the estate of the said
' Mark Rice and all charges and expenses of administering on the
' same ; " and that the said Louisa wholly refused to pay the amount
of the claim so allowed to the said Powell.

Judgment was rendered for the penalty of the bond, pursuant to
the statute, and the defendant pleaded, to the breaches assigned,
that the said Louisa Rice did make a true and perfect inventory of
all and singular the goods &c. of the said deceased, and cause the
same to be appraised, and duly returned the said inventory to the
said probate court, and the same goods &c. did well and truly ad-
minister, according to law, until discharged from her said adminis-
tration, and did render a just and true account of her said adminis-
tration to said probate court, to the acceptance of said court, and
that, by reason of the intermarriage of the said Louisa, her power as
such administratrix ceased, and therefore, on the 14th of January,
1832, one Walter Robins was appointed administrator *de bonis non*
of said estate, and accepted the trust, and gave bonds according to
law, and that the said Louisa delivered up all the goods &c. of the
said estate, which were not administered upon, to the said Robins,
who received the same. To this plea the prosecutor demurred.

The county court decided, *pro forma*, that the said plea was in-
sufficient ; to which decision the defendant excepted.

*C. D. Kasson* for plaintiff.

*C. Adams* for defendant.

The opinion of the court was delivered by

HEBARD, J. The first breach assigned is, that the administratrix
did not make a true inventory of the estate. This is directly met
by the plea. The second breach is, that she did not render an ac-
count of her administration on the 30th day of August, 1830, nor
at any time before, or afterwards. The plea alleges, that she did
well and truly administer the estate, until discharged, and did ren-

der her account, which was accepted by the probate court. The third breach is, that she did not pay the debts, though the time for so doing had elapsed. The answer to this is, that the plaintiff does not allege, that the probate court has made any decree for the payment of the debts.

The remark is so common, that it is hardly necessary to repeat it, that a bad plea is good enough for a bad declaration; and, as the plea is demurred to, we must look back and see whether the plaintiff has set up enough to entitle him to recover. It is alleged that there was a large amount of property, that belonged to the estate, and more than enough to pay all debts allowed by the commissioners, and all charges and expenses of administering on the *same*. But neither the amount of the property nor the amount of the debts is set forth. If the creditor claims to have his whole debt paid, he must, at least, set out so much in his declaration, as will show that the administrator is liable to pay the whole. If he had stated, that there was sufficient to pay the debts, after paying the expense of administration, family expenses, and assignment to the *widow* and for support of children, it would have presented a different question; and nothing short of this would present a state of facts, from which this court could decide upon the administrator's liability. If the estate is in fact solvent, then there is no doubt that there must be a decree of distribution and payment.

As this declaration stands, there is no such averment of facts, as show to this court that the administratrix had sufficient assets to pay all the debts; and there is no allegation of any decree for the payment of the whole, or a part.

The judgment of the county court is reversed, and judgment rendered for the defendant, that the plea in bar is sufficient.