THE PROBATE COURT, for the district of Georgia, (Eli N. John-
son, prosecutor,) *v.* J. A. VANDUZER AND FRANKLIN GOODRICH.

Probate Court
*v.*
Van Duzer &
Goodrich.

After an estate is represented insolvent, and a commission of insolvency issues, all proceedings for the collection of debts due from the estate, are suspended until after final decree of distribution of the estate among the creditors in the probate court.

The final allowance of the administrator's account, in which he is credited for paying the debts, is equivalent to such decree of distribution, but it is not evidence to show that the debts have been, in fact, paid.

Until after such decree, or until the administrator has been cited before the probate court, to render his account, and has failed to appear, no suit can be maintained upon the bond for the benefit of a creditor.

A decree of distribution of an insolvent estate, in the probate court, is conclusive upon all interested, and cannot be impeached collaterally, for fraud, even.

The application for redress in such case, must be to the probate court.

A defective declaration may be cured by the plea.

If the declaration be defective, and that defect be cured by the plea, and the plea and replication both bad, and a demurrer to the replication, the court will render judgment for the plaintiff.

But the form of the judgment is, that the replication is sufficient, although that is not the *fact*. A *bad* replication is *good* enough for a *bad* plea.

DEBT, upon a bond given to the probate court for the district of Georgia, by the defendant, Van Duzer, as principal, and the defendant, Goodrich, as surety, dated October 9, 1829, conditioned that the said Van Duzer, who was administrator of the estate of Charles Parsons, deceased, should faithfully administer said estate. The condition of the bond was in the form prescribed by law.

The plaintiff averred that sufficient assets (real and personal estate) came into the hands of the said Van Duzer to pay all the debts against the estate of the intestate, and that among others, a debt was allowed in favor of Eli N. Johnson, against said estate, by the commissioners appointed by said court to examine adjust all claims against said estate, to the amount of $130,59. The breaches assigned were as follows: " that the said Van Duzer, administrator as aforesaid, hath not rendered a true and just account of his administration of said estate, nor hath he rendered a true and just account of the real and personal estate aforesaid, nor has he distributed and paid out the same in satisfaction or discharge of the debts aforesaid, but the said debts, and particularly

FRANKLIN,
January,
1841.

Probate Court
*v.*
Van Duzer &
Goodrich.

the said debt in favor of said Johnson, remain yet wholly due and unpaid."

The defendant pleaded in bar, that, at the time when the said Van Duzer was appointed administrator of the estate of the said Parsons, deceased, he represented said estate insolvent, whereupon the said probate court appointed commissioners to examine and adjust all claims and demands against said estate, and those exhibited in offset thereto ; that all the real and personal estate of the said deceased, which ever came into the said Van Duzer's possession, as administrator, or of which he ever had any knowledge, did not exceed the sum of $353, 61, after deducting the sums paid by the said Van Duzer, and allowed by said probate court, for expenses of administration, funeral expenses, charges of the last sickness, rates and taxes, and the amount of personal estate assigned by said probate court to the widow of the said deceased, and her dower in said estate ; that the claims allowed by said commissioners, and also by said probate court, against said estate, exclusive of a claim in favor of Judah T. Ainsworth and the debt of said Johnson, and seven dollars as expenses of the last sickness of the said deceased, being part of the sum allowed to one Jonathan Berry, amounted to $1,156,61 ; that said sum of $353,61, being and remaining in the hands of the said Van Duzer, at the time of the settlement of his account, as administrator, to wit, on the fourth day of August, 1834, the said probate court decreed a dividend of thirty cents on the dollar, on all the claims allowed against said estate, except the said claims of the said Ainsworth, and the said Johnson, and the said sum of seven dollars due to said Berry, as aforesaid, and directed the said Van Duzer, as administrator, to pay the same, and to pay the said sum of seven dollars to said Berry out of said sum of $353,61, which said decree remained in full force as by the record thereof still remaining in said probate court fully appeared ; that no dividend had ever been decreed by said probate court, to be paid upon the debt of the said Johnson. And the defendants averred that the said Van Duzer, administrator as aforesaid, did pay out said sum of $353,61, agreeably to the decree of said probate court, and by virtue thereof ; concluding with a verification.

Replication—that, at the time of the presentation and al-

FRANKLIN,
January,
1841.

Probate Court
v.
Van Duzer &
Goodrich.

lowance of his, the said Van Duzer's administration account, and at the time of the making of said decree, by said probate court, the exact sum of money in the hands of said Van Duzer, including the amount charged in his administration account against said estate, for the payment of said debts of the said Ainsworth and the said Johnson, was $573,96; that the said Van Duzer wrongfully and falsely charged said estate, in his said account, the sum of $220,35, for the payment of said debts, thereby reducing said sum in his hands to the apparent balance of $353,61; that the said Van Duzer falsely and fraudulently reserved in his hands said sum of $220,35, by charging that sum against the estate of the said Parsons, in his said administration account, for and on account of the said debts of the said Ainsworth and the said Johnson, when, in truth, the said Van Duzer had not paid either or any part of said debts, but the same were then wholly due and unpaid; that the said probate court, at the time of the making of said decree for the payment of thirty cents on the dollar, on all the debts against said estate, except the debts of said Ainsworth and Johnson, was imposed upon by the said charge, and by reason of said charge, so fraudulently and falsely made by the said Van Duzer, as aforesaid, said probate court was induced to exclude the said debts of the said Answorth and Johnson from the operation of said decree, and did not declare nor decree any dividend on the said debt of the said Johnson; that said Van Duzer still holds in his hands, said sum of $220,35, so reserved as aforesaid, and has not paid out any part thereof, in payment of the said debts of the said Ainsworth and Johnson, nor for any other purpose, but said debts, and especially the debt of said Johnson, still remain due and unpaid; without this, that all the estate of the said Parsons, deceased, both real and personal, which ever came into the hands of the said Van Duzer, as administrator, as aforesaid, did not exceed the sum of $353,-61, after deducting the sums paid by the said Van Duzer, and allowed by the probate court, for expenses of administration upon said estate, rates and taxes against said estate, and the amount of personal estate assigned by said probate court to the widow of the said Parsons, and her dower in the real estate of the said Parsons; concluding with a verification.

To this replication, there was a demurrer and joinder.

FRANKLIN,
January,
1841.

Probate Court
v.
Van Duzer &
Goodrich.

The county court decided that the replication was insufficient, and rendered a judgment for the defendants.

The plaintiff excepted to the decision of the county court.

*H. R. & J. J. Beardsley*, for the plaintiff.

The replication charges a gross fraud practised by Van Duzer, the administrator, upon the probate court, by means of which the court was induced to allow his account, in which he had credited himself as having paid the claim now sought to be recovered in this action.

This replication being demurred to, the single question presented is, what is the effect of the act of the probate court, allowing the account as exhibited by the administrator?

1. The prosecutor in this case can in no sense be regarded as a party or privy to that proceeding, and, of course, cannot be bound by the act or adjudication of the court of probate.

2. But, granting that the adjudication of the probate court is to be regarded as a proceeding *in rem*, and binding upon the whole world, then it is insisted, that if the judgment was obtained by the fraud of the administrator, the whole proceeding is void, and the prosecutor is entitled to recover his debt, notwithstanding the adjudication.

The principle is well settled that a judgment, *in rem*, is conclusive only when it is free from the taint of fraud. Fraud and collusion will destroy its effect altogether. 1 Stark. Ev. 249. *Hull* v. *Blake*, 13 Mass. R. 157. *Potter* v. *Wheeler*, 13 Mass. R. 507. *Winchell* v. *Stiles*, 15 Mass. R. 230. *Borden* v. *Fitch*, 15 Johns. R. 121, 145. *Saxton* v. *Chamberlain*, 6 Pick. R. 222. *Fermor's case*, 3 Coke, 77.

*Brown* and *Foster*, for defendants.

The defendants insist that the plaintiff is estopped from denying the validity of the decree of the probate court, allowing the administrator's account, and is not at liberty, in this action, to impeach it in any manner, because the probate court had jurisdiction of the subject matter. (See probate act, statute, p. 341, sec. 44 and 45.) And said court having proceeded to act judicially in the matter, as set forth in the plea and admitted by the replication, the plaintiff and others concerned in the estate are bound by its decree; for all persons concerned or interested in the estate were parties to the

FRANKLIN,
January,
1841.

Probate court
v.
Van Duzer &
Goodrich.

proceedings, and, for aught that appears, the plaintiff, Johnson, was present, and objected or consented to the allowance of the administrator's account. Like any defendant, having due notice, he had the opportunity of appearing, and the power of making himself a party, and taking an appeal any time within twenty days after the decree allowing the administrator's account. And, if he did not appear, he cannot now complain of the want of those advantages which he has voluntarily renounced.

The plaintiff, in order to avoid the matter of estoppel set forth in the defendants' plea, should have alleged, in his replication, that no notice was given, under an order of the probate court, of the time and place when and where the administrator's account would be examined by the court, so that the plaintiff could not have had an opportunity to appear and object. But, as the pleadings now stand, the court will presume that the plaintiff was a party to the proceedings in the probate court, or that the plaintiff had due notice, and, consequently, the power of making himself a party, which is the same thing, with regard to the legal effect of the decree allowing the amount.

Although it is a general rule that a stranger may be admitted to impeach a proceeding to which he was not a party, yet the reason ceases where the judgment is offered against one who was a party, or against one who had the power of making himself a party. 1 Stark. Ev. 190, 195, 243, 254, 255.

The opinion of the court was delivered by

REDFEILD, J.—This is a suit upon an administrator's bond. A commission of insolvency issued, and the claim of the prosecutor, Eli N. Johnson, was allowed at $130,59. This suit is brought for the recovery of that sum.

The breaches assigned are, that Van Duzer, the administrator, did not render a true and just account of his administration, and that he has not faithfully administered, paid out, and distributed all the estate of the deceased; but, on the contrary, the debts due from the estate, and especially the prosecutor's, remain unpaid. This is obviously no sufficient breach of the bond to enable the prosecutor to maintain an action. After the issuing of a commission of insolvency, all

FRANKLIN,
January,
1841.

Probate Court
v.
Van Duzer &
Goodrich.

proceedings for the collection of debts, due from the estate, in all courts, except the probate court, are suspended, until the commission is closed, and a final decree is obtained against the administrator for the payment of all the debts, or a dividend thereon, or until the account of the administrator is allowed by the probate court, and the debts, or a dividend thereon, passed to his credit, which is equivalent to a decree of distribution.  Until such final decree of distribution, or upon the administrator's account, or the administrator has been cited before the probate court to render his account, and has failed to appear, no action can be maintained upon the bond of an executor, or administrator, of an insolvent estate.  The probate court have exclusive jurisdiction of of such account, and its adjustment cannot be drawn into another court.  *Dox* v. *Backenstose*, 12 Wendell, 542. *Newcomb* v. *Wing*, 3 Pick. 168.   *Paine* v. *Stone*, 10 Pick. 75.   *Paine* v. *Moffat*, 11 Pick. 496.   The same rule has been adopted in many of the other American states, in regard to estates represented insolvent.   The liability in regard to solvent estates would, doubtless, be different.   And the case of *Warren* v. *Powers*, 5 Conn. 373, is directly the reverse. That, too, seems to have been an estate settled by a commission of insolvency.   But the point was not much considered, and we do not think the case rests upon the most convenient basis of proceedings.   Had the defendants demurred, in this case, judgment must have been against the plaintiff, for the insufficiency of the declaration.   But a defective declaration may be cured by the plea.   *Wood* v. *Scott, ante,* 42. In the present case, the defendants, in their plea, admit that the administrator's final account was passed before the probate court, and in that account he was allowed for the payment of the prosecutor's full claim.

This supplies the defect in the declaration, and is conclusive upon the defendant as to Van Duzer's obligation to pay the full amount of the prosecutor's claim, for that was the matter directly adjudicated by the probate court.  *Sparhawk, et al.* v. *Administrator of Buell, et al.* 9 Vt. R. 41.

But this adjudication will not avail the defendants for the purposes for which it is urged, that is, to show that Van Duzer has in fact paid the prosecutor's claim, for the question was never *directly* decided by the probate court.  It was immaterial

to the making up the account, whether the debt had been in fact paid or not, if Van Duzer was liable to pay it, it would be passed to his credit, and his bond stand as security for the fulfilment of that obligation. So that the probate court having allowed Van Duzer to credit himself, in his account, the full amount of the prosecutor's claim, is conclusive upon him that he had assets for that purpose, and to that extent. The same point was decided in the case last cited.

The plaintiff, in his replication, treats the defendants' plea as being sufficient, unless avoided. This he attempts to do by alleging fraud in closing Van Duzer's account before the probate court. If that were the fact, it could only be corrected by application to that court to re-examine the account. The adjudication of that court, upon a matter exclusively within its jurisdiction, could not be thus collaterally impeached. *Paine* v. *Stone*, 10 Pick. 75. To this replication there is a demurrer.

The case presents rather an anomalous state of pleadings. The declaration is insufficient; that defect is cured by the plea; the plea is bad for all other purposes, and the replication is of a matter which cannot be tried in this suit, and is bad. But, upon the whole pleadings we are enabled to come at the justice of the case. The judgment of the county court is reversed, and judgment that the replication is sufficient, and that the plaintiff recover his damages and costs. See *Day* v. *Essex County Bank*, ante, 97.