THE PROBATE COURT FOR THE DISTRICT OF RUTLAND *v.* FRANCIS
SLASON AND ABNER MEAD.

*Guardian's bond. Jurisdiction of probate court. Nominal damages.*

The probate court have exclusive jurisdiction, in the first instance, of the settlement
of guardian's accounts.

In an action of debt, brought upon the bond of a guardian of a minor, and prose-
ecuted by the ward after the determination of the guardianship, where it ap-
pears, that the guardian received property of the ward and has rendered no ac-
count, and has not been required to settle his account in the probate court, the
prosecutor is entitled to recover nominal damages, and no more.

DEBT upon a bond, conditioned, in the form required by law,
that the defendant Slason should faithfully perform his duties, as
guardian of one Edwin A. Reed, an infant,—assigning, as breaches,
a neglect to make and return to the probate court an inventory of
the property of the ward, which came to the possession of the guar-
dian, and a neglect to settle his account in the probate court ;—the
action was prosecuted by the ward, after the determination of the
guardianship. Plea, *non est factum*, with notice, that the defendants
would prove, in defence, that the several requirements of the condi-
tion of the bond had been complied with. The suit was referred,
under a rule from the county court ; and the referee reported, that
the guardian, Slason, after his appointment, received property of the
ward, and never returned any inventory thereof to the probate court,
and never rendered to or settled with the probate court, or the pros-
ecutor, any account of his guardianship, or of the management, pro-
ceeds and expenditures of the property of the ward, agreeably to the
condition of the bond, and was not cited or required by the probate
court to do so, previous to the commencement of this suit. And
the referee reported, that, intending to be governed by the rules of
law, he decided, upon the facts above stated, that the probate court
had jurisdiction of the account of the defendant Slason, as guardian
for the prosecutor, and that, until Slason had been required by the
probate court to render such account, and had neglected to do so,
the adjustment of the account could not be drawn into the probate
court, and that the prosecutor was entitled to recover nominal dam-

ages only, upon the breaches assigned;—and the referee found for the prosecutor to recover ten cents damages, and his costs.

The county court, November Adjourned Term, 1850,—I. T. WRIGHT, Assistant Judge of Rutland county court, presiding,—rendered judgment for the plaintiff, upon the report, for ten cents damages, and his costs. Exceptions by both parties.

*E. Edgerton* for defendants.

*Thrall & Smith* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J. This is an action upon a guardian's bond, where the ward was an infant. The term of guardianship having expired, this suit is brought, there never having been any proceedings against the guardian in the probate court.

It appeared on the trial of the case before the referee, that the guardian received divers articles of personal property of the ward, and never made any inventory thereof in the probate court, and that he never settled his account in the probate court, and was never called upon to do so. The referee decided, that, upon this state of facts, the defendants were only liable for nominal damages. Judgment was rendered, on the report, for the plaintiff, for ten cents damages, and costs,—to which both parties except.

It seems, by the statute, and from the nature of the case, that the rule applies to the case of guardians' accounts, which does to that of executors and administrators. And it is now settled by repeated decisions of this court, that in all these cases the probate court have exclusive jurisdiction. *Probate Court* v. *Vanduzer et al.,* 13 Vt. 135. *Aldrich* v. *Williams et al.,* 13 Vt. 373. *Orange Co. Bank* v. *Kidder,* 20 Vt. 519. And this same course seems sufficiently indicated by the cases of *Judge of Probate* v. *Pratt,* 1 D. Ch. 233, and *Judge of Probate* v. *Fillmore,* Ib. 420.

The case of the *Probate Court* v. *Bates,* 10 Vt. 285, seems to have in view a course of practice, which at one time obtained in this state, of making the administrator, executor, or guardian, render his account in the common law courts, but which is wholly at variance with the decisions in the other states upon this subject, and with the

reason of the case, and with all the more recent decisions in this state, above cited. See, also, *Field et ux.* v. *Torrey,* 7 Vt. 372, which seems to settle the general rule as to the exclusive jurisdiction of the probate court over such matters.

It has always been held, that, in cases like the present, the plaintiff was entitled to recover nominal damages, and no more, unless he had obtained a previous judgment in the probate court.

Judgment affirmed.

The plaintiff was allowed to have the judgment reversed, and to become nonsuit, if he chose,—to save all question in regard to the effect of this judgment for nominal damages.