The Probate Court for the District of Marlboro, A. Van Doorn & Co., Prosecutors, *v.* Charles Chapin, Calvin Townsley and Asher Spencer.

*Practice. Administrator's bond.*

In an action upon an administrator's bond, prosecuted by a creditor, when judgment is rendered for the plaintiff, the county court must perfect the judgment by fixing the amount to which the creditor is entitled, before the case can properly pass to the supreme court on exceptions.

The failure of an administrator to render his account to the probate court, when cited to do so, does not of itself give a right to the recovery of more than nominal damages in an action upon his bond. In order to enable a creditor to recover more than nominal damages in such an action, a decree of the probate court must have been made directing a distribution of assets among creditors, and the time limited for such distribution must have expired.

Probate Court *v.* Chapin et al.

DEBT upon a bond given by the defendants for the faithful performance by the defendants Chapin and Townsley, of their duties as administrators of the estate of Thomas C. Lord, deceased. The breaches assigned in the declaration and the facts in the case sufficiently appear from the opinion of the court.

To the allegation in the declaration that the administrators had not rendered an account of their administration to the probate court, the defendants plead that they had rendered such an account ; and to that portion of the declaration which alleged that the administrators had not paid certain creditors of Lord's estate, named in the declaration, the respective claims which had been allowed to them by the commissioners on the estate of Lord, the defendants demurred upon the ground that the declaration did not aver that the administrators were ever ordered or decreed by the probate court to pay any money to such creditors.

The county court, at the September Term, 1857, in Windham County,—UNDERWOOD, J., presiding,— overruled the defendants' demurrers, adjudged the assignments of the breaches contained in the declaration, sufficient, and rendered judgment for the plaintiff that the defendants, Chapin and Townsley, had never rendered any account of their administration to the probate court, to all of which decisions the defendants excepted.

————————— for the defendants.

*E. Kirkland,* for the plaintiff.

POLAND, J. It appears from the exceptions that this case was not perfected in the county court. The prosecutors of this suit, in the name of the probate court, sought in this action on the defendants' administration bond, to recover the amount of certain debts allowed in their favor by the commissioners on the estate of Lord, or such proportion as they would be entitled to out of his estate. As the account to which they were entitled was uncertain, the damages should have been assessed so as to make a full and perfect judgment in the county court upon which the plaintiffs might have taken execution, before the case could properly come into this court on exceptions.

But as the court are fully agreed in their views upon the points presented in the case, they deem it advisable to make them known to the parties that they may take such course with the case as they choose.

The substantial facts, as conceded by the pleadings in the case, and proved by the records of the probate court, are that the defendants, as administrators of Thomas C. Lord, received of personal property nine thousand, six hundred and twenty-seven dollars and sixty-five cents, of which they returned an inventory to the probate court; that the prosecutors were creditors of Lord's estate, and presented their claims before the commissioners, and had them duly allowed; that the time within which the defendants, by the terms of their bond, were to present their administration account, expired without their doing so; that thereupon the defendants were duly cited before the probate court to settle their account, when they appeared and presented their account, which, after a hearing, the court decided to be insufficient, and the matter was continued, and the defendants were ordered to render a further account on that day, whereupon, by leave of the court, they took away the account they had presented, and on the day to which the case was continued they failed to appear or present any account.

The plaintiffs claim that these facts constitute such a breach of the defendants' administration bond as authorized the plaintiffs to recover the amount of their debts against the estate of Lord.

The plaintiffs rely as authority for this view upon the case of *Probate Court* v. *Van Duzen et al.*, 13 Vt. 135.

In that case the Judge who delivered the opinion says, "until such final decree of distribution, or upon the administrator's account, or the administrator has been cited before the probate court to render his account, and has failed to appear, no action can be maintained upon the bond of an executor or administrator of an insolvent estate." In that case, the question whether the failure or refusal of an administrator to render his account, on being properly cited before the probate court, would be such a breach of his bond as would render him liable to an action on his bond, or what its effects would be, was not before the court, and the most that can be made of the case is, that without that,

he is 'not liable to have any action maintained against him on his bond.    But in the subsequent case of *Bank of Orange Co.* v. *Kidder et al.*, 20 Vt. 519, it was decided, that executors and administrators are not liable to the creditors for their debts against the estate, until after a decree has been made by the probate court for the distribution of the assets among the creditors, and the expiration of the time limited for payment; and no such qualification is added.

In *Probate Court* v. *Slason et al.*, 23 Vt. 306, which was an action on a guardian's bond, in which the condition is very similar to an administrator's bond, the same general principle is laid down, that there must first be a decree of the probate court.

The true reason for this is given in all these ·cases, and in many others that have been decided in this State, which is, that it can not be known what amount the creditor is entitled to receive out of the estate, or whether he is entitled ·to recover anything, until the estate has been settled, the amount of claims and assets, and expenses of administration all ascertained; and the jurisdiction to do all this is exclusively in the probate court, and it can not be done by any other.

In the above cited case of *Orange County Bank* v. *Kidder*, the law upon this subject is fully discussed and laid down with great clearness and force, that the creditors must pursue their claims in the probate court until the extent of the administrator's liability is fixed by a decree of that court, and then, as the probate court can not issue any execution to enforce its judgments, the creditors may resort to the common law courts to enforce them by action on the administrator's bond.    The judgment of the court in that case is referred to as fully expressing the views of the court upon the subject.

The plaintiffs seem to have supposed that if the administrators failed or refused to appear and render their account when properly cited before the court, that the power and duty of that court have come to an end, and that their only further remedy was a resort to a suit on the bond.    But we think not.    The necessity of a settlement of the estate, and a decree for the payment of the plaintiffs' debts, or some dividend thereon, was still just as necessary as before.

Probate Court *v.* Chapin et al.

It appears, to be sure, that the defendants received assets to a much greater amount than the plaintiffs' debts, but for ought that appears, the whole amount of debts against the estate greatly exceeded the amount of assets, and the plaintiffs would only be entitled to their dividend with the other creditors.

The failure or refusal of the defendants to appear when cited, and render their account, might make it more difficult for the plaintiffs to procure the necessary decree from the probate court, but it by no means prevented the court from proceeding to make one. The probate court might doubtless proceed by the compulsory power given by the statute to that court, to compel the attendance and examination of the administrators, or they might proceed against them for disobeying the order of the court, or they might remove the administrators. The court might also proceed in the absence of the administrators, and make them chargeable with all the property inventoried, and any other assets shown to have come to their hands, and would be justified in making all reasonable presumptions against them from their failure to appear, perhaps to the extent of presuming funds in their hands sufficient for payment of all the debts, and decreeing accordingly.

But as the matter was left in the probate court, the courts of law have no mode or power to ascertain the amount the plaintiffs are entitled to recover. But as the defendants failed to render their account to the probate court by the time required by the terms of the bond, and also disobeyed the order of the probate court to render their account, there is a technical breach of the bond which would entitle the plaintiffs to nominal damages.

In *Probate Court* v. *Slason et al.*, above cited, it was held that in an action on a guardian's bond, when the time of rendering the account had expired, but no decree of the probate court had been obtained, that the plaintiff was entitled to nominal damages, and it was said in that case that administrator's bonds stand on the same principles, and we do not see why they should not.

But as the case was not properly finished in the county court, the exceptions will be dismissed and the case remanded, unless the parties consent to an affirmance, with nominal damages.