Probate Court et al. *v.* Gleed.

---

THE PROBATE COURT FOR THE DISTRICT OF LAMOILLE, BY CHARLES HUTCHINS, *Prosecutor, v.* THOMAS GLEED.

*Appeal from the Decision of Commissioners upon Claims against the Estate of a Deceased Person.*

In the case of an appeal from the decision of commissioners on claims against the estate of a deceased person, where the appellant neglects to enter the appeal in the county court, and the appellee fails to enter the case for affirmance, no action can be maintained upon the bond given at the time of taking the appeal as required by section 20, chapter 52, Comp. Stat., even though no order of notice to the appellee of the appeal be made by the probate court, and no notice of the appeal be given him.

DEBT upon a bond. The facts in the case sufficiently appear in the opinion of the court.

The county court at the December Term, 1860, ALDIS, J., presiding, rendered judgement for the defendant, to which the plaintiff excepted.

*Child & Benton,* for the plaintiff.

The defendant *pro se.*

BARRETT, J. This suit is upon a bond given in pursuance of the statute, upon the taking of an appeal from the allowance of a claim against the estate of Perley Hutchins. It appears that no order of notice to the appellee was made by the probate court, nor was any notice of said appeal given, nor was the appeal entered by either party in the county court. The alleged breach of the bond consists in not having prosecuted said appeal; and in the argument it is claimed that it particularly consists in not having given notice of the appeal, agreeably to the requirement of the statute, and thereby the prosecutor was prevented from entering the case for affirmance, and so, having lost his claim under the allowance by the commissioners, he has a right to recover it by way of damages in this suit on the bond. Section 25 of chapter 52 Comp. Stat. is, "If the person objecting to a claim, and appealing on account of the allowance of such claim, shall neglect to enter his appeal, the court to which the appeal shall be taken on motion of the adverse party, producing attested

Probate Court et al. *v.* Gleed.

copies of such appeal, shall affirm the allowance appealed from, and may allow costs against the appellant." The statute thus provides a mode by which the claimant may perfect his claim, after its allowance is vacated by the appeal, into a final and conclusive judgment. The question is whether he must do so, in order to entitle him to resort to the bond for damages where the appeal is not entered by the appellant.

The condition of the bond is that the appellant shall prosecute his appeal to effect, and pay all intervening damages and costs occasioned by such appeal. It is obvious that if the appeal should be prosecuted to effect, there would be no intervening damages and costs accruing to the appellee. It is only in case of failure to prosecute the appeal to effect that, in contemplation of the law, such damages can accrue, however much in point of fact the appellee may be out of pocket on account of such appeal. The law, by its provisions, seems to contemplate that the appellant may cease or fail to prosecute at any stage after the appeal is taken. This is clearly indicated by the section already cited from the Compiled Statutes providing for the appellee procuring the allowance by the commissioners to be affirmed. It seems as clearly to indicate that the damages and costs provided for in the condition of the bond are predicable only in reference to a claim that has been substantiated in the manner prescribed by the statute. If the appellant should prosecute his appeal in due course of litigation by entering it and contesting the claim on its merits, and should be beaten and the claim should be substantiated by judgment of court, the damages recoverable on the bond, with costs, would have reference to the claim thus substantiated. If he fails to enter his appeal we think the appellee must cause his claim to be established by an affirmance of the allowance in the manner prescribed, before he can be allowed to assert that he has sustained damages in the sense of the law. The appeal vacates the allowance. The claim stands upon such appeal being taken, the same as if it had not been allowed. And if the parties see fit to let it rest there, without taking such further steps as the statute provides in such case, it must be regarded as operating as a discontinuance, with no foundation laid for ulterior proceedings. It cannot be said that the appellee

has sustained damage in reference to his claim, for he has not in the way provided by the law established that he has any claim.

We do not think the law ever contemplated that the claimant might, after the allowance had been vacated by an appeal, lie by and take no steps to establish his claim in pursuance of the allowance, in the prescribed mode, and then come into the courts of law upon his bond, and there litigate *de novo*, and as a matter of original jurisdiction, the merits of his claim, upon the question of the amount of damages he was entitled to recover in his suit upon the bond. As before remarked, we think he must establish his claim under the allowance in the prescribed mode, before he can raise the question of damage occasioned by the appeal. All practical and prudential reasons bearing on the subject concur in supporting this view of the purposes of the statutory provisions in cases of this kind.

The analogy of the cases decided in this state, that, in order to entitle a party to recover more than nominal damages on an administrator's or guardian's bond, proceedings must be prosecuted in the prescribed mode, till the right of the claimant, and the liability of the administrator or guardian in respect thereto, are specifically and definitively established, sustains what we now hold. See *Bank of Orange County* v. *Kidder et al.*, 20 Vt. 519; *Probate Court* v. *Slason et al.*, 23 Vt. 306; *Probate Court* v. *Chapin et. als.*, 31 Vt. 373.

The discontinuance resulting from the failure to procure the affirmance of the allowance of the claim by the commissioners in this case, operates upon the whole proceeding, and leaves the parties standing just as if the claim had not been presented and allowed; and of course, as the bond given was but an incident of the appeal taken, when the appeal went for nought by reason of the discontinuance, the bond went with it, leaving no ground for recovering nominal damages.

It seems to us that very little weight should be given to the argument arising from the jeopardy the appellee may be in of not knowing that an appeal has been taken, unless he should be notified as provided in the statute. We are aware that the proceedings of the law leave this matter of appeal with a pretty

loose margin; inasmuch as there is no provision limiting or fixing the time for the return of the commissioner's report, nor for notice to be given of the return of such report. But, nevertheless, the records and files of the probate court are always open to inspection, and the terms of the county court are fixed by public statutes. Any person interested in a contested claim may therefore inform himself on the subject of such claim, whether it has been allowed, and if so, whether an appeal has been taken, seasonably to protect himself in respect thereto, by pursuing the steps prescribed by the statute. Inasmuch as it is known that the appellant may drop his appeal at any time after it has been taken, without giving the required notice of the taking of such appeal, and inasmuch as the statute prescribes the mode by which the vacated allowance may be restored and established, it leaves the appellee charged with the duty of giving such attention to the course of the case in the established courts as will enable him to avail himself of the provisions of the law for the perfecting of his claim, and of his right to damages and costs occasioned by the appeal.

In case the probate court should prescribe the notice to be given to the appellee, for instance twelve days before the then next term of the appellate court, the appellant certainly would not be bound for any purpose to serve the notice before the prescribed time. And it would hardly do to say that he might not abandon his purpose of carrying on the appeal before that time should be out. In such case there would be no duty under the statute to give notice either of the appeal, or its abandonment.

The rule and reason in *Low* v. *Estes*, 6 Vt. 266, seem to apply with as much force to the present case as to that.

The judgment is affirmed.