## PROBATE COURT *v.* J. B. KIMBALL AND SURETIES, AND T. LEE TERRILL AND SURETIES.

### *Probate Court. Probate Bond. Ancillary Administration. Executors and Administrators.*

The condition of a bond being that the executors will "well and truly administer according to law, and out of the estate pay and discharge all debts, legacies and charges chargeable thereon, or such dividends as shall be ordered and decreed to be paid by said court," etc., in usual form, it is *held* that they cannot be charged by suit with a breach of the bond in respect to paying legacies, until there shall have been an order and decree of the probate court to that effect and failure to comply therewith.

Ordinarily, as matter of law, it is the duty of the probate court having in hand the ancillary adminstration of an estate, to remit the assets within its jurisdiction, and not needed for debts and legacies within the state, to the principal administration for distribution, where all interests can be fully and properly represented and legal justice be done to all; and unless it is made to appear that loss or injustice will be, or be likely to be, suffered by parties not living within this state by so doing, the law requires that it should be so done.

A died at his home in Canada leaving property there and in Vermont, and in his will bequeathed a legacy to B in Indiana, and appointed two executors, one in Canada and one in Massachusetts. Principal administration was in Canada and ancillary administration in Vermont. Each of the executors had ample funds of the estate to pay said legacy, but had not paid it though demanded. The executors gave a bond to the probate court having ancillary administration here, conditioned as above stated. Said court had never made an order to pay said legacy, and nothing exceptional appeared, to take the case out of the ordinary rule and practice in cases of principal and ancillary administration. *Held*, that the legatee should be remitted to the principal administration for his payment out of the assets of the estate.

DEBT on executor's bond. Plea, the general issue. Trial by the court upon a case stated, December term, 1867, Caledonia county. STEELE, J., presiding.

The view taken of the case by the supreme court renders an extended statement of the facts and questions raised in the court below and argued in this court unnecessary, and the facts set forth in the course of the opinion seem to be sufficient for an understanding of the point decided. The court below decided that the prosecutors were entitled to recover the balance of the legacy due at the time of the first demand, June 4, 1866, and interest thereon, and forty per cent. as premium or damages for not paying in the currency of Canada; that being the premium on that currency on said June 4th. The court also decided that such sums as one of the prosecutors had received in United States currency must reduce his share precisely as if he had received them in gold. Exceptions by both parties.

Said Kimball and Terrill each gave a separate bond, and a suit was originally brought on each, but the two causes were consolidated and treated as one case.

*G. C. & G. W. Cahoon*, for the plaintiff.

*Edwards & Dickerman*, for the defendants, cited to the point that legatees cannot lay hold of the effects of the ancillary administration, Sto. on Conf. of Laws, § 513; *Hunt* v. *Fay, admr.*, 7 Vt., 170; *Richards, admr.*, v. *Dutch*, 8 Mass., 505; *Jennison* v. *Hapgood*, 10 Pick., 77; *Dawes* v. *Boylston*, 9 Mass., 355; *Bruce* v. *Bruce*, 2 B. & P., 229, *n. a.*; *Hall* v. *Denison*, 17 Vt., 310; *Heirs of Smith* v. *Heydock*, 6 Vt., 374.

The opinion of the court was delivered by

BARRETT, J. This is an action of debt on a bond given to the probate court of the district of Caledonia by the defendants for said Kimball and Terrill as executors of the will of Alvin Flint, late of Stanstead, in Canada, seeking to charge said executors for not paying certain legacies. One of said executors always resided and still resides in Canada; the other in Boston, Massachusetts.

The testator resided and made his will, and died in Canada; and the principal administration is in that province. The will was there proved by the executors, and a copy duly filed in the probate court for the district of Caledonia, in this state, for the purposes of the ancillary administration of property of the testator situated in said district at the time of his decease. It is agreed in the argument, and is consistent with the facts shown, that the executors are both amply responsible, and both have ample funds derived from the estate to pay the legacies.

The condition of the bond sued, as set out in the declaration, is that they will "well and truly administer according to law, and out of the estate pay and discharge all debts, legacies and charges chargeable thereon, or such dividends as shall be ordered and decreed to be paid by said court," etc., in the usual form.

It is also stated in the declaration that at a settlement at said probate court on the 6th of January, 1866, certain sums were found to be due on the legacies in question, of which the defendants thereafter had notice, but no part of the same has been paid to the legatees though often demanded, and particularly at said Stanstead on the 18th day of June, 1866, and the defendants still neglect and refuse to pay the same. There is no averment of any decree or order of the probate court that the defendants should pay the legacies to the prosecutors. Nor does the case show that any such order or decree was ever applied for or made. The legatees now prosecuting have for a long time resided, and still reside, in the state of Indiana.

It is plain that a breach of the condition of the bond is not shown either by the declaration or the facts in the case.

There having been no order or decree of the probate court for the payment of the legacies, no duty, within the scope of the terms of the condition of the bond, has been imposed on the defendants to pay, and of course they have committed no breach by not having paid the legacies claimed. This rests not only on technical grounds, but upon the most substantial reasons, having reference both to the policy and principles of the law bearing on the subject.

The relation of principal and ancillary administrations to each other, and the purposes to be served by each respectively, are

very fully shown by all the text books, and by many adjudged cases. One of the leading and most fully considered cases on that subject is the *Heirs of Porter's estate* v. *Heydock*, 6 Vt., 374, the doctrines of which we adopt as sound and fully sustained by both legal reason and authority, so far as they may be applicable under the present statutory law of this state, and in this case they seem fully consonant with that law.

It is obvious that, under the provisions of our statutes, (Gen. Sts., ch. 53, § 29, and other sections on the same subject,) the duty of executors and of administrators to pay debts and *legacies* stands upon the·same ground ; and that it is not made operative and active, so that they can be charged by suit with a breach of their bond in this behalf, until there shall have been an order and decree of the probate court, and a failure to comply with it.

The matter seems to be fully embraced, discussed and decided in several cases in this state. See *Bank of Orange Co.* v. *Kidder et al.*, 20 Vt., 519 ; *Pro. Ct.* v. *Slason et al.*, 23 Vt., 306 ; *Pro. Ct.* v. *Chapin et al.*, 31 Vt., 373.

We think, ordinarily, as matter of law, it is the duty of the probate court having in hand the ancillary administration to remit the assets within its jurisdiction and not needed for debts and legacies within the state, to the principal administration for distribution where all interests can be fully and properly represented and legal justice be done to all.

That it is competent for the probate court having the ancillary administration to do that is not questioned, and we think unless, in the particular case, it is made to appear that loss or injustice will be, or be likely to be, suffered by parties not living within this state by so doing, the law requires that it should be so done.

This involves, as matter of course, the action of the probate court by order and decree upon the subject, not only with reference to the particular appropriation to be made to claimants, but what disposition shall be made of any residue. This being so, as matter of course, there can be no duty cast upon the executors in such a case as this to make any payments till ordered by the probate court, and least of all to make payments to persons not residents within the state, and who have unobstructed access to

the principal administration, where both the jurisdiction and the assets are ample for establishing and paying all just claims they may have.

In the case before us nothing appears to make it exceptional and not properly subject to the ordinary rule and practice. On the other hand, from all that is shown, it seems to be peculiarly a case that ought to seek, or to be sent, to the principal administration for the rights and remedies involved and sought to be asserted.

The domicile of the testator and of the principal executor being in Canada, the other executor living in Boston, and both being in possession of ample assets, and administering as executors under both administrations, and the domicile of the prosecutors being out of the State of Vermont, with no show of occasion or reason for seeking a specific administration of the assets to the payment of those legacies in this state, would all seem to make a case that would call on the probate court in this state to remit these legatées to the principal administration. There is an additianal reason why this should be so in the present case.

The will provides that the legacies should be paid in the current money of the province of Canada. In the present suit a question of great difficulty has been made, and it has been ably argued, how that provision of the will can be justly answered by any judgment that a court of law in this state can render, having reference to the character of our currency under the laws of Congress, and its condition as practically affected by the superior rule of Wall street. We find no occasion to undertake to decide that question in the present posture of this case. But so far as these legacies are concerned this question could find no place in the court of principal administration.

The judgment of the county court is reversed, and judgment of nonsuit is rendered.