PROBATE COURT FOR THE DISTRICT OF MANCHESTER, HOLLY, Prosecutor, *v.* KENT, Administrator.*

*Appeal from Decision and Report of Commissioners. Prosecution of Administration Bonds.*

The creditor of an estate, a portion of one of whose several claims has been disallowed by the commissioners, cannot by appeal from their decision and report carry that claim to the County Court, and leave the allowance of the other claims a valid judgment of the Probate Court against the estate. The judgment of the Probate Court upon the report is a general judgment for the balance found due to or from the estate from or to each creditor.

---

* Decided at the February Term, 1876.

The creditor of an estate whose claim the commissioners have allowed, in order to maintain debt on the administrator's bond, where the administrator has funds sufficient to pay all debts allowed by the commissioners, and where the time limited by the Probate Court for their payment has elapsed, must first obtain a specific order of the Probate Court for the payment of such claim.

DEBT on an administration bond. The declaration set out the bond, and alleged that the commissioners upon the intestate's estate examined certain claims and demands against said estate presented by the prosecutor, one of which was for $240, and another for $75; that they allowed the claim for $240, with $12 96 interest thereon, and also the claim for $75, but with a set-off of $40, leaving due to the prosecutor thereon the sum of $35, with $1.46 interest; that said commissioners made report of their doings to the Probate Court, and that their report was accepted, whereby said claims became separate and distinct judgments in favor of the prosecutor against said estate, one for $252.96, and the other for $36.40, neither of which had been appealed from nor in any manner vacated; that the claims so allowed became an indebtedness of said estate, which then was and continued to be solvent; that said court directed defendant to pay all the indebtedness of said estate within two years and six months from September 21, 1869; that on September 24, 1873, defendant rendered his final account of his administration of said estate, in which he credited himself with $7,896.34, as "paid claims allowed by commissioners, excepting claims of Hiram Holley," the prosecutor; that said account was then allowed by said court, and a balance of $9,669.65 found in defendant's hands after paying claims allowed by commissioners, "excepting the two claims allowed" the prosecutor, and "all expenses of settling said estate, and all charges upon and against said estate, excepting the said Holley's claims," which sum the defendant was then by said court ordered to "pay over to the persons legally entitled" thereto. The defendant pleaded, first, that there was no record remaining in the Probate Court of any final allowance of any claim or demand of the prosecutor against said estate, as set forth in the declaration; and secondly, that there was no record remaining of any order or decree of said court for payment of said sums or any part thereof by defendant, as set forth in the

declaration.   Judgment was rendered for the penalty of the bond, and the cause continued for the assessment of damages.

Upon trial by the court, the prosecutor introduced in evidence the probate record of the commissioners' report, by which it appeared that the prosecutor presented three claims against said estate, one for $240, which the commissioners allowed, with $12.96 interest thereon to March 21, 1870, one for $56.23, which they disallowed, and one for $75, which they allowed, with $1.40 interest, but with a set-off of $40.

It was conceded that the first item was for a promissory note given for money borrowed of the prosecutor a few weeks before the death of the intestate ; that the second was for balance on a note which the prosecutor had paid to Battenkill Bank for the intestate more than five years before his death, on which was a minute in prosecutor's handwriting, " due on this note $56.23 ;" and that the third was for a cow sold to the intestate a few months before he died for $75, of which $40 had been paid.   The prosecutor also introduced the record of the final account of the defendant as administrator of said estate, allowed by the Probate Court, upon which the defendant credited himself with " paying list of claims (except those allowed to Hiram Holley), $7,896.34," which amount was the amount of all the claims allowed against said estate, except those allowed to the prosecutor.   It appeared that the account was rendered on September 24, 1873 ; that according to the footing then made, there appeared to be remaining in defendant's hands after paying debts and all expenses, the sum of $9,669.65, and that the account so stood upon the probate records until after the trial of this case ; that an error in that footing was then discovered, and that before judgment was entered, the register of probate amended the record so as to show the amount in defendant's hands, excluding real estate ; and that after the record was so amended, the total amount charged to defendant as administrator was $13,501.02, and the total amount credited to him was $13,334 89.   After stating said account, the record concluded as follows : " Leaving in the hands of the administrator the sum of $166.13, which the administrator was directed to pay over to the persons legally entitled to the same."

There was no other allowance of any claim to the prosecutor, nor any order or decree for the payment of debts or the distribution of the estate, except as above stated. The prosecutor also introduced the inventory of said estate, whereby it appeared that there remained real estate of the intestate to the amount, as appraised, of about $12,000, which was not disposed of, nor administered upon.

The defendant introduced in evidence the record of the allowance of an appeal on petition of the prosecutor from the decision and report of said commissioners, disallowing the prosecutor's claim, and from the action of the Probate Court thereon. The petition represented that the prosecutor presented a claim to the commissioners amounting to $200, which they disallowed. He also introduced in evidence the files of the County Court, in the case so appealed, consisting of certified copies of the petition of the prosecutor for said appeal, the declaration filed by him in the Probate Court with said petition, and an abstract of the commissioners' report, all of which, with the copy of the record of allowance of appeal, and an order of notice on defendant, were entered in the County Court at the term thereof to which appeal was taken. He also introduced the record of the certificate of the final decision of the County Court for the defendant upon said appeal. The prosecutor then introduced A. L. Miner as a witness, and offered to prove by him that on the trial of said appeal before a referee appointed by the County Court, the prosecutor offered in evidence no claim except the one disallowed by the commissioners; that the defendant claimed in behalf of said estate a large set-off of more than $1,000; that the trial was had only on those matters, and that the claim and the set-off were disallowed. To that evidence the defendant objected, but it was admitted; to which defendant excepted. The court found from it the facts that it tended to show, and rendered judgment, *pro forma*, for the prosecutor to recover the sum of $299.36, the amount of the two claims allowed by the commissioners, with interest from March 21, 1870; to which the defendant excepted.

*Joel C. Baker*, for the defendant.

The defendant as administrator is not liable to the prosecutor for any debt against the estate, until the prosecutor causes his debt to become chargeable upon the estate in the hands of the administrator, by procuring its allowance by commissioners, sanctioned by the Probate Court, and a final order or decree of said court for the payment of the claim so allowed, or some dividend thereon. *Probate Court* v. *Saxton*, 17 Vt. 623 ; *Bank of Orange County* v. *Kidder*, 20 Vt. 519 ; *Probate Court* v. *Chapin*, 31 Vt. 373 ; Gen. Sts. c. 53, ss. 38, 42 ; *Probate Court* v. *Kimball*, 42 Vt. 320. The claim allowed by the commissioners was one claim, of three items, all recoverable in a single suit in assumpsit. The appeal was general and the declaration in the common counts in assumpsit. The appeal therefore carried the whole case to the County Court, and there was no allowance by commissioners left in the Probate Court in favor of the prosecutor. *Allen, admr.* v. *Rice*, 22 Vt. 333 ; *Morse, exr.* v. *Low, admr.* 44 Vt. 561. If there had been no appeal, the defendant would not be liable in this action until the Probate Court had made a decree for the payment of debts, or distribution of the assets among the creditors. Gen. Sts. c. 53, ss. 38, 42 An administrator may pay claims allowed, without an order, but he cannot be compelled to. *In re Scott*, 36 Vt. 297. The Judge of Probate did not intend his order to pay $166.13 to the persons legally entitled to the same, as a decree to pay $299.36 therefrom to the prosecutor.

The settlement and allowance of the administrator's account on which he credits himself with paying all the debts except the prosecutor's claim, implies that the Probate Court did not understand that his claim ought to be paid. It certainly is not an order to pay the items excepted. There was no final decree of the residue of the estate, as there was no order or decree, naming the persons and proportions or parts to which each was entitled. Gen. Sts. c. 57, s. 4. Neither the County Court nor this court has authority to make decrees for the administration of estates, except on probate appeals, and this court has no jurisdiction to order the payment of debts in this cause, by sale of the real estate

of the deceased, nor to make a dividend on the prosecutor's claim out of the $166.13 in hands of administrator.

*Miner & Beebe*, for the prosecutor.

The order of the court to the administrator to pay $9,669.65 to such persons as were legally entitled to the same, if any such order was necessary, was ample and sufficient. But the statute does not require any such order to be made when the administrator has ample funds in hand, belonging to the estate, to pay all the debts in full, and when he has rendered his final account to the Probate Court, as in this case. Gen. Sts. c. 33, ss. 29, 30, 33, 38.

The case of *Bank of Orange County* v. *Kidder*, 20 Vt. 519, was rightly decided, for the declaration in that case did not allege that there were assets, nor that the administrators had rendered an account, or been requested to render one. REDFIELD, J., there says that there must be an order of the Probate Court to pay, before suit on the bond can be maintained, but did the case call for that ? *Probate Court* v. *Chapin*, 31 Vt. 373 ; *Probate Court* v. *Kimball*, 42 Vt. 320 ; *Probate Court* v. *Vanduzer*, 13 Vt. 135 ; *Boyden* v. *Ward, admx.* 38 Vt. 628. How could an order have been made by the Probate Court for payment of debts or distribution among creditors in this case ? The administrator, in rendering his account, said he had paid all the expenses, and all the debts with this exception. There were no creditors, in the plural, to distribute to, or to pay to. If the defendant had not, in fact, cash to pay the prosecutor's claims, he could and should have had. There was $12,000 in real estate not administered upon, and he had rendered his final account. Was not the bond forfeited ? and should he not pay the full claim under that state of facts ? Whether or not the administrator had sufficient assets in hand was not put in issue by the pleading, and could not be inquired into— certainly not after the hearing was over. The prosecutor's claims were all presented separately, entered in the commissioners' return separately, and acted upon separately, and became separate and distinct judgments, two in favor of the prosecutor, and one against him.

49

The opinion of the court was delivered by

Ross, J.   By the pleadings and facts found by the County Court, two questions are raised.   1.   Whether a creditor who has had disallowed by the commissioners a portion of one of several claims or items of a claim against an estate, can, on the return of the report of the commissoners to the Probate Court, by an appeal, carry to the County Court the item, the whole or a portion of which has been disallowed, and leave the allowance of the other items remaining in the Probate Court a valid judgment or judgments against the estate?   or does the appeal vacate the entire action of the commissioners and the Probate Court in regard to the matters submitted between such creditor and the estate?   2.   Whether, in case the administrator has sufficient funds to pay all the debts allowed against the estate, and the time limited by the Probate Court for their payment has elapsed, it is necessary for the creditor who has an allowance in his favor to obtain a specific order in the Probate Court for the payment of such allowance before he can maintain a suit against the administrator on his official bond for the recovery of the sum allowed?

I.   Section 12, c. 53, of the Gen. Sts gives to commissioners appointed by the Probate Court, " power to try and decide upon all claims which by law survive against or in favor of executors or administrators, except claims for the possession of or title to real estate."   Their powers could not be well stated in more general and comprehensive terms.   No pleadings are necessary in the trial of these claims.   There is no such thing as a misjoinder of actions in such trials, but each item or specification of claim is to be passed upon without regard to its nature.   By section nine it is made the duty of the executor or administrator, when a creditor has presented a claim against the estate, to " exhibit the claims of the deceased in set-off to the claims of the creditor," and it is provided that the commissioners shall ascertain and " allow the balance against or in favor of the estate as they shall find the same to be."   By section eleven it is enacted, "The commissioners shall make report of their doing to the Probate Court embracing lists of all claims presented or exhibited in set-off, and stating

how much was allowed and how much disallowed, together with the final balance, whether in favor of the creditor or the estate." When their report is thus made and returned to the Probate Court, it becomes a judgment in that court between each creditor named therein and the estate; and if unappealed from, forms the basis on which the estate is distributed, so far as the creditors are interested therein. The real question at issue between the parties is, whether the judgment between the creditor and the estate is a separate judgment for each claim presented, or a general judgment for the balance found, in which all the separate claims *pro* and *con* are merged. If the former, the prosecutor had the right to remove but one of his several claims by appeal to the County Court, and the several allowances of the others remain separate judgments against the estate; but if the latter, the appeal carried all the claims *pro* and *con* to the County Court, and the judgment in that court against the prosecutor concludes his right to pursue the administrator on his official bond, as he has no claim on which to pursue the estate or administrator. The language of section nine can have its natural and ordinary import only by holding that the allowance of the commissioners is of the balance against or in favor of the estate. Finding and stating the balance by the commissioners is unnecessary, if the allowance of each claim against or in favor of the estate is a separate judgment. We think that all the provisions of the statute relative to proceedings for the allowance of claims before commissioners, are only consistent with holding that the judgment is for the balance, and that all the separate claims or items of claim, as well against, as in favor of, the estate, are merged in one judgment between the creditor and the estate for such balance. This is analogous with the proceedings in all other courts. All claims presented are adjusted which can be shown under the form of action on trial. Here there is no form of action. The object of the proceedings is, expeditiously and inexpensively to settle all claims between the creditor and the estate, and determine which is indebted to the other, and the exact amount of such indebtedness. The different claims adjusted have the same relation to the final balance and judgment that a bill of particulars or a specification of claims

has in common-law courts, or the different items of account in book-account actions. In the case at bar, the estate exhibited in set-off, both before the commissioners and in the County Court, a claim sufficiently large to absorb all the claims presented by the prosecutor, and to leave a large balance due the estate. If this claim had been established against the prosecutor in the County Court, on his theory there would have been two judgments in his favor in the Probate Court, and a larger judgment against him certified from the County Court. There is no provision for setting off in the Probate Court one of these judgments against the other two, and allowing only the balance. The judgment of the commissioners, unappealed from, is conclusive of the rights existing between the creditor and estate in the Probate Court; and when appealed from, the judgment certified from the County Court or the Supreme Court, is equally conclusive and binding in regard to such rights. *Allen, admr.* v. *Rice,* 22 Vt. 333; *Morse, exr.* v. *Law, admx.* 44 Vt. 561, are to the same import, so far as this question is considered in them.

II. Under our system of jurisprudence, the Probate Court is a tribunal created almost entirely for the settlement of estates. Its jurisdiction of such settlements is complete; and common-law or equity courts do not interfere, except to aid that court. Hence it has been universally held that a party cannot resort to the common-law courts in matters touching the settlement of estates, until he has exhausted the power of the Probate Court to furnish him relief. In estates represented insolvent, it has been uniformly held, and that by repeated decisions, that before a creditor having a claim allowed against an estate can pursue the administrator or executor individually or on his official bond, to secure payment of such claim, he must have procured a decree of the Probate Court in which the estate is being settled, ordering the payment of his claim or some portion of it. *Probate Court* v. *Saxton,* 17 Vt. 623; *Bank of Orange County* v. *Kidder,* 20 Vt. 519; *Probate Court* v. *Chapin,* 31 Vt. 373; *Probate Court* v. *Kimball,* 42 Vt. 320. Such is the express provision of the statute. Gen. Sts. c. 53, ss. 38, 42.

We do not think that the decree of the Probate Court relied upon by the prosecutor does order the administrator to pay the prosecutor's claims ; but viewed in the light of the circumstances attending the making of the order, it seems to have been carefully worded, so as not to order the payment of this claim.

For both of these reasons we think the *pro-forma* judgment of the County Court for the prosecutor was erroneous.

Judgment reversed, and judgment for defendant to recover costs.