PROBATE COURT FOR THE DISTRICT OF FAIR HAVEN *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA.

November Term, 1933.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed February 17, 1934.

*Novak & Bloomer* for the plaintiff.

*James P. Leamy* and *V. J. Loveland* for the defendant.

THOMPSON, J. This is an action of debt on an administrator's bond. The defendant demurred to the amended complaint. The demurrer was sustained, and the prosecutor, Hamilton Smith, was allowed an exception.

It appears from the complaint that Huntington Smith was appointed and qualified as administrator of the estate of W. D. Griswold Smith, late of Castleton in the District of Fair Haven, and that he, as principal, and the defendant, as surety, executed an administrator's bond, containing the usual conditions, which was accepted and approved by the probate court for the District of Fair Haven on May 7, 1928.

It also appears that on December 7, 1932, the probate court made an order, which states in substance that the prosecutor, one of the creditors of the deceased, presented a claim to the commissioners of his estate; that the claim was allowed in the sum of five thousand dollars; and, by stipulation, the sum agreed upon for payment was five thousand dollars as of July 30, 1932; that no part of the same has been paid; that the estate has been in process of administration more than one year, and no order extending the time for its settlement has been made; that the prosecutor applied to the probate court for an order directing the administrator to pay his claim from the assets of the estate; that the probate court ordered and directed the administrator "to pay over and deliver from the assets of said estate to Hamilton Smith, creditor of said estate, the sum of five thousand dollars with interest from the 30th day of July, 1932, in payment and satisfaction of his said claim."

It also appears from the complaint that the administrator has not complied with the order of the probate court; that the order has become a final order, unappealed from and in full force and effect; that the defendant, though requested, has neglected and refused to pay the claim; that, by the appraisers' inventory, the administrator had in his hands assets in an amount of over fifteen thousand dollars.

The question raised by the defendant's demurrer, which is relied upon in this Court, is that, for want of allegations in the complaint that there had been a final accounting by the administrator, and that the probate court had made an order for the payment of the debts and the distribution of the assets among

the creditors of the estate, the complaint fails to set forth a cause of action against the defendant.

The defendant makes the specific contention that the probate court lacked jurisdiction to make the order in question; that it is not liable on the bond until the probate court has made an order for the distribution of the assets among the creditors of the estate, and the administrator has failed to comply with the order.

██ ██ It is well settled that a court of probate does not proceed according to the common law, but has a special and limited jurisdiction given by the statute; and, if it appears on the face of the proceedings that it has proceeded in a manner prohibited or not authorized by law, its orders and decrees are absolutely void, and may be treated as a nullity. *Barber* v. *Chase,* 101 Vt. 343, 351, 143 Atl. 302; *White* v. *White,* 91 Vt. 74, 77, 99 Atl. 305; *In re Allen,* 82 Vt. 365, 380, 73 Atl. 1078, 126 L. R. A. (N. S.) 232; *Probate Court* v. *Winch,* 57 Vt. 282, 284; *Barrett* v. *Crane,* 16 Vt. 246. Nothing is presumed in favor of its jurisdiction; and he who seeks to take advantage of its proceedings must show affirmatively its jurisdiction. *Barrett* v. *Crane, supra,* page 252 of 16 Vt.; *Hewes* v. *Andover,* 16 Vt. 510; *Kent* v. *Enosburg Falls,* 71 Vt. 255, 44 Atl. 343.

In *Bank of Orange County* v. *Kidder,* 20 Vt. 519, which is the leading case, the question was how far the settlement of estates under chapter 49, Revised Statutes (1839), now chapter 153, General Laws, was the same with the settlement of estates represented insolvent under the former statute, in regard to the liability of administrators. It was an action at law against administrators on a claim which had been allowed by the commissioners against the estate of the defendants' intestate. The defendants pleaded that the probate court did not, previous to the commencement of the suit, make a decree for the distribution of the assets among the creditors of the estate. The case was heard on a demurrer to a replication to the plea.

It appeared from the declaration and the replication that the plaintiff had a claim against the defendants' intestate, which had been presented to and allowed by the commissioners; that their report had been duly accepted and allowed by the probate court; that the time (one year) allowed by the probate court to the administrators for the payment of debts had expired, and

had never been extended; and that the time, beyond which the probate court could not extend the time for paying debts against the estate, had expired.

It appears from the opinion that, prior to the enactment of chapter 49, Revised Laws, under the former statute, if an estate was settled as solvent, and the time limited for the payment of debts had expired, the personal representative was to be taken to have sufficient assets to pay *all* the debts, and he was liable to be sued immediately. But, if the estate was represented insolvent, the executor, or administrator, was not liable in his person or property until after a final decree in the probate court, fixing such liability and the extent of it; that the reason of that rule was that the probate court had the exclusive jurisdiction of the settlement of insolvent estates, and the liability of the personal representative could be determined only there (*Probate Court* v. *Vanduzer,* 13 Vt. 135) ; that the resort to the courts of common law was merely for the purpose of carrying into effect the judgment of the probate court. The Court said: ''In short, it seems to us, that the Revised Statutes have made the settlement of estates, as insolvent, the exclusive mode, because that had, in practice, become general.''

The Court, when holding that the declaration was bad, the plea good, and the replication bad, said: ''The statute itself, section thirty-four (G. L. 3380), is perfectly explicit, that the probate court shall, at or before the time limited for the payment of the debts, '*make an order or decree for the payment of the debts, and the distribution of the assets';* and section thirty-eight (G. L. 3384) provides, that when such a decree shall have been made, the executor, or administrator, shall, after the time of payment shall arrive, that is, the time fixed by this last decree, be liable *as for his own debt,* and also upon his bond. The statute is too explicit to admit of any question, if it were not for the reasons already urged.''

■■ Ever since the decision of the Bank of Orange County Case, all estates, without representation of insolvency, have been settled as insolvent estates. *Wetmore & Morse Co.* v. *Bertoli,* 87 Vt. 257, 261, 88 Atl. 898; *Baldwin* v. *Percival,* 88 Vt. 211, 213, 92 Atl. 101; *Hurlburt Brothers* v. *Hinds,* 86 Vt. 517, 521, 86 Atl. 739. And this Court has repeatedly held that executors and administrators are not liable to creditors for their debts

against the estate until after a decree has been made by the probate court for the distribution of the assets among the creditors, and the expiration of the time for payment. *Probate Court* v. *Chapin,* 31 Vt. 373, 376; *Probate Court* v. *Gleed,* 35 Vt. 24, 26; *Boyden* v. *Ward,* 38 Vt. 628, 637, 638; *Probate Court* v. *Kimball,* 42 Vt. 320, 323; *Probate Court* v. *Kent,* 49 Vt. 380, 388; *Davis* v. *Flint's Estate,* 67 Vt. 485, 487, 32 Atl. 473; *Husted* v. *Stone,* 69 Vt. 149, 152, 37 Atl. 253; *Baldwin* v. *Percival, supra.* And the personal representative is not to be taken as having assets for distribution among the creditors until a decree therefor is made by the probate court. *Husted* v. *Stone, supra; Baldwin* v. *Percival, supra.*

The prosecutor amended the complaint by alleging "that by the appraisers' inventory of said estate the said Huntington Smith had in his hands assets to the amount of over fifteen thousand dollars." This amendment cannot avail him.

In *Probate Court* v. *Chapin, supra,* which was an action of debt on administrators' bond, the facts were similar to those in the case at bar, except that the probate court had not made an order for the payment of the debts of the prosecutors. It appeared that the administrators had assets in their hands of a greater amount than the prosecutors' debts. This Court said: "It appears, to be sure, that the defendants received assets to a much greater amount than the plaintiffs' debts, but, for ought that appears, the whole amount of debts against the estate greatly exceeded the amount of assets, and the plaintiffs would only be entitled to their dividend with the other creditors." And, as we have hereinbefore said, the administrator is not to be taken as having assets for distribution among the creditors until a decree therefor is made by the probate court.

It appears clearly from the statute (chapter 153, General Laws) and the cases to which we have referred, that the jurisdiction of the probate court, so far as the payment of debts is concerned, is limited to making an order for their payment and a decree distributing the assets of the estate among *all* the creditors; that it did not have jurisdiction to make the order in question, and that the same is a nullity.

The court below did not err in sustaining the demurrer to the complaint.

*Judgment affirmed.*