BANK OF ORANGE COUNTY *v.* IRA KIDDER AND JACOB K. PARISH, Administrators of LYMAN KIDDER.

The settlement of estates, under the Revised Statutes, is the same with the settlement of estates represented insolvent, under the former statute, so far as the liability of administrators is concerned. Executors, or administrators, are not personally liable to the creditors, for their debts against the estate, until after a decree has been made by the probate court for the distribution of the assets among the creditors, and the expiration of the time limited for payment.

DEBT. The plaintiffs alleged, in their declaration, in substance, that on the 23d of October, 1841, they had a claim against the defendants' intestate, which claim they presented to the commissioners of claims upon his estate; that the commissioners allowed the claim at the sum of $620,16, and their report was duly accepted and allowed by the probate court; that the plaintiffs, by the consideration of the commissioners and of the probate court, recovered judgment against the estate for that sum, which judgment still remains in full force; and that the time for the settlement of said estate and payment of claims against the same has long since elapsed, whereby an action has accrued to the plaintiffs to recover of the defendants the amount of said claim. The defendants pleaded, admitting the allowance of the plaintiffs' claim, as alleged in the declaration, but averring, that the probate court did not, previous to the commencement of this suit, make a decree for the distribution of the assets among the creditors of the estate. The plaintiffs replied, that on the third day of April, 1841, Ira Kidder and Jefferson P. Kidder were, by the probate court, appointed administrators of the estate of the said Lyman Kidder, and accepted the trust, and gave bonds, and a letter of administration was given to them in due form of law, in which the probate court ordered them to collect all the assets of the estate, and pay all the debts of the deceased, and make return of their doings to the probate court, with an account of their administration, on or before the third day of April, 1842; that on the 18th day of September, 1841, the said Jefferson P. Kidder was discharged by the probate court, and the defendant Jacob K. Parish was duly appointed administrator in his place; that the time allowed by the probate court to the administrators, for the payment of the debts,

expired on the third day of April, 1842, and had never been extended; and that three years from the time of first granting letters of administration upon the estate, beyond which the probate court could not extend the time for paying debts against the estate, expired April 3, 1844, and previous to the commencement of this suit. To this replication the defendants demurred.

The county court, June Term, 1847,—HALL, J., presiding,—adjudged the replication insufficient, and rendered judgment for the defendants. Exceptions by the plaintiffs.

*L. B. Vilas* for plaintiffs.

We insist, that, after the expiration of the time alleged in the replication, the defendants are liable for the claims, as for their own debts. Rev. St. 283, § 38. The case of *Probate Court* v. *Vanduzer et al.*, 13 Vt. 135, was decided under the old statute, and expressly upon the ground, that the estate was represented insolvent. Under the Revised Statutes no estate is so represented; but the administrator is decreed to pay the debts in one year; and if he would avoid this, he must see to it, that he obtains a decree of the court to extend the time, or to pay a less sum.

*Hebard & Steele* for defendants.

1. The declaration is insufficient. The plaintiffs do not allege, that there had been a decree of the probate court for the distribution of the assets among the creditors; and without such decree no right of action has accrued to the plaintiffs, and no recovery can be had against the defendants. Rev. St. c. 49, sec. 38. *Judge of Probate* v. *Fillmore*, 1 D. Ch. 420. *Atherton* v. *Flagg et al.*, 2 D. Ch. 61. *Probate Court* v. *Vanduzer et al.*, 13 Vt. 135.

2. The replication is insufficient. The limiting the time for the payment of debts, when granting letters of administration, and when making a decree for the distribution of assets among the creditors, is the exercise of entirely different powers of the probate court. The claims allowed by the commissioners, when their report is accepted by the probate court, become judgment debts, and may be paid by the administrator voluntarily, if he choose to do so. But they can only be enforced against him by a decree of the probate court for the distribution of the assets among the creditors,—which is analo-

gous to an execution in ordinary cases of judgments at law. *Probate Court* v. *Vanduzer et al.*, 13 Vt. 135. *Judge of Probate* v. *Fillmore*, 1 D. Ch. 420. *Atherton* v. *Flagg et al.*, 2 D. Ch. 61. *Dox* v. *Backenstose*, 12 Wend. 542. *Wiley et al.* v. *Brainard*, 11 Vt. 107.

The opinion of the court was delivered by

REDFIELD, J. This case raises the question, how far the settlement of estates under the Revised Statutes is the same with the settlement of estates represented insolvent under the former statute, in regard to the liability of administrators. Under the old statute the case of *Probate Court* v. *Vanduzer et al.*, 13 Vt. 135, fully establishes the principle, that executors, or administrators, are not liable in their persons, or property, until after a final decree in the probate court, fixing such liability, and the extent of it. The reason of this decision is, that that court have the exclusive jurisdiction of the settlement of insolvent estates, and the liability of the personal representative can only be determined there. The resort to the courts of common law is merely for the purpose of carrying into effect the judgment of the probate court, or, as is said in the case cited from 2 D. Ch. 61, to obtain execution upon such judgment.

Under the present statute there is but one mode of settling estates; and the principal question in the present case is, whether that is to be likened to the former mode of settling solvent, or insolvent, estates. If the former, then the reasoning of the plaintiffs' counsel applies, that, the time limited for payment of debts having expired, the personal representative is to be taken to have sufficient assets to pay *all* the debts, and is liable to be sued immediately;— but whether, even in that case, he is liable to have execution go against his own goods and chattels, in the first instance, is perhaps more questionable. But if the settlement of estates now is substantially the same, as that of insolvent estates under the old statute, then it is not seriously urged, that this action can be maintained, as the pleadings now stand.

It is certain, that the general mode of settling estates under the Revised Statutes conforms very nearly to the former mode of settling insolvent estates. Commissioners are appointed; debts not presented are barred; and the section fixing the liability of the personal

representative in his own right is expressly limited to the time after a final decree of distribution ; suits pending in court at the decease are to be discontinued and go before commissioners ; and all rights of action against the personal representative are suspended. These matters were, under the former statute, all peculiar to estates repre- sented insolvent. In short, it seems to us, that the Revised Stat- utes have made the settlement of estates, as insolvent, the exclusive mode, because that had, in practice, become general, perhaps ; while the old statute seemed to *contemplate* that mode of settling es- tates as the rare exception, and most of the provisions of that stat- ute have reference to the settlement of estates supposed to be solvent. That was the mode at common law. The executor, or administra- tor, might be sued at any time ; and if the testator, or intestate, was liable for the debt, judgment went against the estate ; but no execution ever went against the executor's or administrator's per- sonal goods, unless on *scire facias,* and the suggestion of a *devasta- vit,* or some improper delay. The executor, or administrator, might *then* plead *plene administravit.*

But now the debts are allowed by the commissioners, and the remedy for a redress against the personal representative must be sought, where the judgment of the commissioners is, that is, in the probate court, until it is there fixed. The time fixed in the first in- stance for the administrators to pay the debts is certainly no final decree against them ; for if that were so, the office of administrator would be peculiarly hazardous,—to pay all the debts of the estate. Nor can it be with any propriety regarded as a decree *nisi,* as is argued, that is, unless the time is extended, and the liability limited to something less than the whole amount. It is nothing more than a kind of breathing time, given to the administrators, in which to set- tle the estate, and during which they cannot be pursued by the creditors in any form. But when that is expired, and the creditors can sue the administrators, it does not follow, that they may sue them in a court having no jurisdiction of the subject matter. They must *then* sue them in the appropriate tribunal, which is the probate court, until the extent of their liability is fixed, and then ask the common law courts for an execution against the administrators and their sureties. If the probate court had the power to execute their decrees, there would be no necessity of this resort, even. So cau-

tious have the other courts in this state been of interfering with the appropriate jurisdiction of the probate court, that even the court of chancery, when its aid is invoked, merely acts in aid of the probate court, and will not even carry its own decrees into effect, but remits them to the probate court, where the entire matter of right belongs, —notwithstanding the English court of chancery, when it interferes at all in the settlement of an estate, takes the entire matter away from the ordinary, and passes the final decree of distribution.

We think, then, that the declaration in this case is bad, the plea good, and the replication bad. The question might have been more properly raised by a demurrer to the declaration. The statute itself, section thirty four, is perfectly explicit, that the probate court shall, at or before the time limited for the payment of the debts, " *make an order or decree for the payment of the debts, and the distribution of the assets ;*" and section thirty eight provides, that when such a decree shall have been made, the executor, or administrator, shall, after the time of payment shall arrive, that is, the time fixed by this last decree, be liable *as for his own debt,* and also upon his bond. The statute is too explicit, to admit of any question, if it were not for the reasons already urged.

Judgment affirmed,