JONATHAN LYDICK, APPELLANT, V. MARY E. CHANEY ET AL.,
                        APPELLEES.

                FILED MARCH 19, 1902.   No. 11,127.

            Commissioner's opinion, Department No. 2.

1. **Executor: FINAL REPORT: PERSONAL LIABILITY.** The decree of a
   county court, after examination of the final report and accounts
   of an executor, finding that he has assets in his hands and order-
   ing them distributed among creditors and legatees, creates a
   personal liability in the executor, and has the same force as
   any other judgment.

2. ———: REMEDY ON BOND NOT EXCLUSIVE. Such liability may be en-
   forced either directly against the executor, or by suit upon his
   bond, as circumstances may require.

3. Fi⎽⎽ ⎽ecree: EXECUTION. Execution may issue to enforce such a
   decree; and where it is rendered in the district court on appeal
   from a similar decree in the county court, or where a transcript
   has been duly filed in the district court, such execution may be
   levied upon the lands of the executor.

APPEAL from the district court for Burt county. Heard
below before KEYSOR, J. *Affirmed.*

*H. E. Carter,* for appellant.

*Willis G. Sears* and *George R. Chaney, contra.*

POUND, C.

Upon examination of the final report and accounts of
Jonathan Lydick, as executor of Archibald Matthews, the
county court for Burt county approved them and found
them correct, except as to two certain legacies for which
credit was claimed, which were found to remain unpaid.
Accordingly a decree was entered approving and confirm-
ing the report, with the exception of these two items, and
directing the executor to pay them and to pay the costs of
administration. An appeal was taken to the district court,
where, upon hearing, the same conclusion was arrived at,
the executor was ordered to pay the legacies and it was
provided that the legatees recover the amount thereof.

The executor having failed to comply with this order, an execution issued, which was levied upon his lands. This suit is brought to enjoin such levy and to enjoin enforcement of the judgment for want of jurisdiction in the district court to render it. A decree was rendered dismissing the suit, and is now appealed from.

Two claims are made by counsel for appellant: (1.) That a decree of distribution rendered by a county court after examination of the final report and accounts of an executor, finding that he has assets in his hands and ordering them distributed among creditors and legatees, does not create any personal liability in the executor. (2.) That even if it did create such liability, the only method of enforcing it would be by suit upon the executor's bond; that the county court could not enforce its judgment or decree of distribution by execution, and in consequence the district court, upon appeal, would be equally without such power.

The first contention is disposed of by section 255, chapter 23, Compiled Statutes, which provides: "Whenever a decree shall have been made by the probate court for the distribution of the assets among the creditors, the executor or administrator of the estate, after the time of payment shall arrive, shall be personally liable to the creditors for their debts, or the dividend thereon, as for his own debts, or he shall be liable on his bond." It has been said that the decree of distribution and order to pay debts and legacies "corresponds, in some measure, to the judgment *de bonis propriis* at common law." 2 Woerner, Law of Administration, sec. 411. And this view has been taken under statutes substantially the same as our own. *Bank of Orange v. Kidder*, 20 Vt., 519, 523; *Allen v. Smith*, 72 Miss., 689. It is true there are rulings to the effect that the decree of distribution is a mere finding of amounts due, and has not the full force of a judgment. *Piggott v. Ramey*, 1 Scam. [Ill.], 145; *Green v. Fagan*, 15 Ala., 335. But in such cases it will be found that the courts of probate were of limited jurisdiction. *Matthews v. Hoff*, 113 Ill., 90. With

23

us the county court has full and exclusive original jurisdiction over the settlement of estates. Getting its powers from the constitution, as to probate matters, it is a court of general jurisdiction. *Johnson v. Beazley,* 65 Mo., 250; *Russell v. Lewis,* 3 Ore., 380; *Monastes v. Catlin,* 6 Ore., 119; *Tucker v. Harris,* 13 Ga., 1. It has equity powers in so far as necessary to give effect to its jurisdiction. *Wilson v. Coburn,* 35 Nebr., 530; *Glade v. White,* 42 Neb., 336. Its powers in probate matters are coextensive with the former powers of courts of chancery in administration suits. *Blanton v. King,* 2 How. [Miss.], 856. All questions relating to the settlement of estates must be adjudicated by it, in the first instance. *Boales v. Ferguson,* 55 Nebr., 565. It would seem clear, therefore, that the executor or administrator, having assets in his hands, may be made personally liable by the final decree of distribution in the county court, just as he might have been formerly by decree in an administration suit. Moreover, the statute indicates as much. Section 289, chapter 23, Compiled Statutes, provides that after payment of debts and expenses of administration, the court "shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are by law entitled to the same." Section 290 reads: "In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any person having the same." In section 291 it is provided: "Such decree may be made on the application of the executor or administrator or of any person interested; but no heir, devisee, or legatee shall be entitled to a decree for his share until payment of the debts and allowances and expense mentioned in the preceding section shall have been provided for." Similar statutory provisions elsewhere have been held to authorize judgments such as the one here in question. *McLaughlin v. McLaughlin,* 4 Ohio St., 508; *Isom v. McGehee's Heirs,* 45 Miss., 712.

We do not think the remedy by suit on the executor's

bond, as given by section 312 and following of chapter 23, Compiled Statutes, is exclusive. The very language of section 312 indicates that this is an additional protection to distributees, legatees and creditors and an additional remedy, to be resorted to by them if the circumstances so require. But if the liability of the executor may be enforced directly, the parties ought not to be relegated to a separate action unless the statute so requires. We think the decree of distribution is enforceable by a simpler method wherever the executor is able to respond. In *Bank of Orange v. Kidder*, 20 Vt., 519, 523, under a statute of the same sort, the court observed that there was no reason why the probate court should not enforce its decrees by execution, if it were given power to issue such a writ. That power exists in this state, by virtue of section 19, chapter 20, Compiled Statutes, and section 18 authorizes transcripts to be filed in the district court, upon which executions may issue as upon judgments of the latter court. Under such circumstances, there is ample authority to the effect that execution may issue as in other cases. *McLaughlin v. McLaughlin*, 4 Ohio St., 508; *Isom v. McGehee's Heirs*, 45 Miss., 712; *Sherwood v. Judd*, 3 Bradf. [N. Y.], 419, 422; *Wachter's Case*, 1 Walk. [Pa.], 267. As the district court rendered the judgment here in question, the execution issued pursuant thereto was leviable upon the lands of appellant, and we are satisfied that the judgment was within the jurisdiction and powers of the court. That is all that is before us. If there were errors in the form of the judgment, the proceedings leading to it, or the findings on which it is based, they should have been raised by petition in error. They are not to be reviewed in this suit.

We recommend that the decree be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.