VIRGIL E. BROWNFIELD, APPELLANT, V. WILLIAM EDWARDS
ET AL., APPELLEES.

271 N. W. 797

FILED MARCH 9, 1937.   No. 29819.

*Frank M. Johnson,* for appellant.

*R. E. Bannister, D. E. Harper* and *Cook & Cook, contra.*

Heard before GOSS, C. J., DAY and CARTER, JJ., and TEWELL and YEAGER, District Judges.

YEAGER, District Judge.

This is an action at law which was instituted in the district court for Dawson county by Virgil E. Brownfield, who is appellant herein, against the appellees on the bond of appellee William Edwards, who was executor of the estate of Ewing S. Brownfield, deceased. Appellee Fidelity and Deposit Company, a corporation, was surety on the bond of the executor.

By the terms of the will of Ewing S. Brownfield, the appellant herein, along with certain other persons, was entitled to a distributive share in and to the estate of the said Ewing S. Brownfield. The will was duly probated in the county court of Dawson county, and on April 30, 1934, a hearing was had in the county court fixing the shares and interests of all distributees, including the share of the appellant. Appellant's share was fixed at $115.63. No decree was entered, however, until June 14, 1934. Immediately following the hearing on April 30, 1934, the executor made distributions to all distributees and sent a check to appel-

lant for $115.63, which appellant refused to accept. On June 23, 1934, appellant gave notice of appeal and thereafter perfected his appeal to the district court from the order and decree of distribution wherein he was allowed the sum of $115.63. The appeal was heard in the district court and on the trial the district court found that appellant was entitled to a distributive share of $500.49 and that he was entitled to recover his cost against the executor in the sum of $42.79. The judgment of the district court was not appealed from and on the 19th day of February, 1935, in accordance with the judgment of the district court, an amended decree was entered in the county court finding the condition of the estate on April 30, 1934, and ordered distribution of the balance as follows: Nora Edwards, $453, Carrie Birt Groenewold, $289.70, Gertrude Gayman, $353, and Virgil E. Brownfield, appellant herein, $500.49, and taxed costs in the sum of $42.79 in favor of appellant and against the executor and one of the appellees herein. From this amended decree no appeal was taken and it remains in full force and effect.

Appellant made demand upon both appellees for the sum of $500.49, his distributive share of the estate, and for $42.79, being costs awarded to him, and payment was refused except the sum of $69.84 which remained out of $115.63, or the award allowed in the original decree, after deducting costs of appellant in the sum of $42.79 and executor's costs in the sum of $3. Tender of this amount was made on the trial of this case in the district court. After demand and refusal of payment appellant obtained permission of the county court to bring this action.

After demand and after consent was obtained from the county court, this action was instituted to recover upon the bond of the executor for the said sum of $500.49 and appellant's costs in the sum and amount of $42.79.

The case was tried to the court without a jury on a stipulation of facts, and it may be well to state that in the record there is not the slightest indication of fraud or bad faith as to any party to the controversy and no dispute on

any material fact. The rights and liabilities of the parties must be determined by an application of legal principles to the case as outlined in the pleadings and stipulation of facts.

It appears that a proper determination of this case depends upon the question of the finality of the decree or, as termed, the amended decree entered in the county court on the 19th day of February, 1935; the right to sue on the executor's bond after notice and consent of the county court, and the right to interpose an equitable defense to an action at law on an executor's bond.

Section 30-621, Comp. St. 1929, is as follows: "Whenever a decree shall have been made for the distribution of the assets among the creditors, the executor or administrator of the estate, after the time of payment shall arrive, shall be personally liable to the creditors for their debts, or the dividend thereon, as for his own debts, or he shall be liable on his bond, and the same may be put in suit on the application of the creditor whose debt or dividend shall not be paid as above mentioned."

Section 30-1303, Comp. St. 1929, is as follows: "In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any person having the same."

The first quoted section refers particularly to claimants and the second to distributees. This distinction is not of any significance so far as this case is concerned, except to point out that it is the rule that in case of distribution of estates under decree of distribution, whether it be claimants or distributees, such decree is final, has the force and effect of a judgment, and that any such claimant or distributee may have execution issue thereon and levy may be made on the property of the executor or administrator. *Lydick v. Chaney*, 64 Neb. 288, 89 N. W. 801. It follows therefore that, under the law, when applied to the pleadings in this case and the stipulation of facts on which it was tried, the

amended decree of distribution, wherein the county court found due from the executor to appellant the sum of $500.49 and costs, amounted to and was a personal judgment against the executor on which appellant had the right to have execution issued and to have the same levied upon the property of the executor. This judgment was not appealed from and it was at the time of the commencement of this action in full force and effect.

Appellant, instead of having execution issued has instituted this action agreeable to the provisions of sections 30-1502 to 30-1505, inclusive, Comp. St. 1929, having complied with the conditions precedent therein required. This he had a right to do since this remedy under the statute is alternative. *Lydick v. Chaney, supra.* In so doing, he may have abandoned and may be barred of the right of execution to which he was entitled under the decree of the county court, depending upon the interpretation of the term "action" as used in section 30-1511, Comp. St. 1929. It is not necessary to interpret the term, hence we do not do so. The portion of this section which has application herein is as follows:

"When an action is rightfully brought by any creditor, heir at law, next of kin, or legatee, pursuant to the provisions of this chapter, the same shall, so far as the causes of action therein are concerned, be a bar to any other cause of action which might have accrued under the provisions of this chapter, but no further."

Appellant contends that the liability of the executor, appellee William Edwards, was fixed by the county court, and the stipulation of facts shows without dispute that the executor was ordered to make distribution and in making such distributions to pay to appellant the amount sued for in this case. The appellees contend that the executor should not be required to do so, for the reason that, in good faith and under the decree of the county court before an appeal was taken from such decree, he made distribution and now has nothing to distribute except $115.63 less costs which accrued after the first decree of distribution was entered.

The fact of such distribution is admitted by the appellant in the stipulation on which the case was tried. Is that such a defense as will deny the appellant his right of recovery in this suit on the bond of the executor? We think it is not.

In support of their position that appellant must proceed against the other parties to whom distribution was made in good faith appellees cite *Weeke v. Wortmann,* 84 Neb. 217, 120 N. W. 933. In that case the court held:

"An administrator who pays out money in pursuance of an order made by the county court cannot be personally charged with the reimbursement of the same, in the absence of evidence showing that the order was obtained by fraud and that he had guilty knowledge of the same."

The rule as applied to that case was undoubtedly correct, and the same rule, no doubt, if timely steps had been taken, could have been made to apply in this case. That case was one wherein a petition was filed in the county court in the estate of Henry W. Weeke, deceased, under the equity powers of the county court, to set aside a decree of distribution and a distribution under such decree and to charge the administrator personally on account of the claimed improper distribution. The administrator and all distributees were made parties to the action. The decree was set aside and the distributees ordered to return the distributive shares previously received by them. The executor was held to be not personally liable since there was an absence of guilty knowledge shown. In that case power was exercised, not only under the equity powers of the county court, but under specific statutory authority. Comp. St. 1929, sec. 30-1303. An analysis of this section clearly shows that in the final distribution of an estate the county court may find whether a distributive share is in the hands of the administrator or executor or some other person, and if the court finds that some person other than the executor or administrator has the share of a distributee, then such distributee has the right to recover from such other person. In the case of *Weeke v. Wortmann, supra,* which was an appeal from the county court through the district court to

this court, and wherein the court had jurisdiction of all the parties, this court made the foregoing pronouncement. That pronouncement fixed the liability of the parties. The county court in entering the final or amended decree which is in controversy here made no like or similar finding and judgment. Apparently no such relief was sought, and, so far as the record discloses, the matter of distribution under the first decree was never called to the attention of the court until it was set forth in the answer herein collaterally attacking the judgment of the county court. This collateral attack cannot be allowed. It then becomes apparent that the case of *Weeke v. Wortmann, supra,* is different in legal principle from the case at bar and cannot be accepted as authority herein.

In the county court, when the amended decree was entered, all the parties, that is the executor, the appellant herein, and all other parties interested in the distribution of the estate, were parties and bound by any final order entered within the jurisdiction of the court. Moreover, any such judgment was not and is not subject to collateral attack. *In re Estate of Creighton,* 91 Neb. 654, 136 N. W. 1001. Perhaps, if the appellee William Edwards had called attention of the county court to the distribution of the estate made under the first decree, a finding would have been made in the light thereof, and such other distributees would have, in the amended decree, been ordered to refund and pay over to the appellant the amount in excess of what they were entitled to, which would have been binding on the appellant. Such was the executor's duty. Having failed to avail himself of the remedy provided by law and having permitted a valid and binding judgment to be rendered against him, he cannot be permitted in this action to collaterally attack and have the judgment of the county court rendered inoperative and ineffective.

It necessarily follows that the amended decree, which was not appealed from, fixed the liability of the executor and the rights of the appellant herein. By the terms of that decree the appellant obtained a valid, binding and en-

forceable judgment against the executor. Appellant had the right to execution on said judgment or the alternative right to sue on the bond of the executor. Having chosen the latter method of procedure, he is entitled to a recovery against the executor and his bondsman and is entitled to a judgment herein conformable to the liability as fixed by the judgment of the county court; that is, he is entitled to a judgment as prayed for $500.49 and interest from the 19th day of February, 1935, for $42.79 costs sustained in his appeal from the county court, and his costs herein sustained.

The judgment is therefore reversed and the cause remanded, with directions to the district court to render judgment in accordance with this opinion, in view of the fact that the answers of appellees allege no facts which are a defense to plaintiff's cause of action, and the stipulation of facts fully sustains plaintiff's petition.

REVERSED.