HENRY JURGENSMEIER, APPELLANT, V. HARVEY KUENNING, APPELLEE.

10 N. W. (2d) 635

FILED JULY 23, 1943. No. 31645.

*William G. Rutledge, John C. Mullen* and *Gerald M. Mullen,* for appellant.

*Lee Kelligar, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL and WENKE, JJ., and TEWELL, District Judge.

WENKE, J.

This action was commenced in the district court for Nemaha county by Henry Jurgensmeier, as plaintiff and who is appellant here, against Harvey Kuenning, sheriff of Nemaha county, as defendant and who is appellee here, to permanently enjoin and restrain said sheriff from enforcing an execution issued by the county court of Nemaha county. From a judgment dissolving a temporary restraining order and denying the permanent enjoining of said execution and dismissing the plaintiff's action, the plaintiff has appealed.

The litigation, out of which this action arises, was before this court in the case of *In re Estate of Jurgensmeier,* 142 Neb. 188, 5 N. W. (2d) 233, wherein the objections of John Jurgensmeier, Jr., and Anna Schlosser, a son and daughter of the deceased, and devisees under his will, together with Dwight Griffiths, guardian *ad litem* of Joseph Jurgensmei-

er, an incompetent son of the deceased, to the final report of the appellant, as executor of said estate, were sustained and the action reversed with directions, "to require the executor to account for the real estate described as the southeast quarter of section 28, township 5, range 14, on the basis of its reasonable value of $16,000, taxing the costs of this appeal in this court to the executor." Pursuant to mandate issued, the county court of Nemaha county on December 3, 1942, entered an order as follows: "It is therefore ordered, considered and adjudged that Henry Jurgensmeier, executor, fully comply with the Mandate of the Supreme Court of the State of Nebraska; that there is due the Estate of John Jurgensmeier, deceased, from Henry Jurgensmeier, Executor, the sum of $6,320 which is the difference between the sum of $60.50 per acre previously accounted for and $100 per acre for the real estate described as the Southeast Quarter of Section 28, Township 5, Range 14 in Nemaha county, Nebraska, as so found to be the reasonable value thereof by the Supreme Court of the State of Nebraska; that Henry Jurgensmeier, executor, be and he is hereby ordered and directed to pay into the Estate of John Jurgensmeier, deceased, said sum of $6,320 as so found due on or before the 17th day of December, 1942, and that on or before said December 17, 1942, said Executor is hereby ordered and directed to file in this court his supplemental report showing that he has deposited said sum of $6,320 in his account as Executor of said Estate together with all money belonging to said estate heretofore reported and accounted for. It is further ordered, considered and adjudged that the matter of assessment of costs in this court, attorney fees, the hearing on the objections of Anna Schlosser, John Jurgensmeier and Dwight Griffiths, Guardian *ad litem,* to the supplemental report of said Executor, together with further hearing on the petition for final settlement, final account and supplemental account heretofore filed, be and the same are hereby continued until final settlement on said estate. It is further ordered, considered and adjudged that the costs in the sum of $92.50

in the Supreme Court of the State of Nebraska be and same are hereby taxed to Henry Jurgensmeier, personally." Thereafter the appellant, as executor of said estate, failed to comply with said order and on the 17th day of February, 1943, the county court of Nemaha county issued an execution in favor of John Jurgensmeier, Anna Schlosser and all the legatees, devisees, and heirs at law of John Jurgensmeier, deceased, and against the appellant which the appellee, as sheriff of Nemaha county, proceeded to execute by levying upon the personal property of the appellant.

The question here is, did the county court of Nemaha county have authority to issue the execution in favor of John Jurgensmeier, Anna Schlosser and all the legatees, devisees, and heirs at law of John Jurgensmeier, deceased, by virtue of its order of December 3, 1942?

Under our Constitution and statutes the county court has general, exclusive, and original jurisdiction in all probate matters. *Lydick v. Chaney,* 64 Neb. 288, 89 N. W. 801. Under the provisions of section 30-621, Comp. St. 1929, which is in part as follows: "Whenever a decree shall have been made for the distribution of the assets among the creditors, the executor or administrator of the estate, after the time of payment shall arrive, shall be personally liable to the creditors for their debts, or the dividend thereon, as for his own debts, or he shall be liable on his bond, * * * " and section 30-1303, Comp. St. 1929, which is as follows: "In such decree the court shall name the persons, and the proportions or parts to which each shall be entitled, and such persons shall have the right to demand and recover their respective shares from the executor or administrator, or any person having the same," we have held: " * * * that in case of distribution of estates under decree of distribution, whether it be claimants or distributees, such decree is final, has the force and effect of a judgment, and that any such claimant or distributee may have execution issue thereon and levy may be made on the property of the executor or administrator. *Lydick v. Chaney,* 64 Neb. 288, 89 N. W. 801." *Brownfield v. Edwards,* 132 Neb. 325, 271 N. W. 797.

However, the order entered by the county court of Nemaha county on December 3, 1942, in compliance with the mandate of this court does not bring the terms thereof within the provisions of either of these statutes, nor are we able to find a similar or comparable statute that authorizes a proceeding directly against the executor of an estate by execution where, as here, it is determined that the executor is owing to said estate and directing him to pay into said estate the amount thereof, nor does the order, which neither determines who the legatees, devisees, and heirs at law of John Jurgensmeier, deceased, are or the amount of their interests in the money which appellant is directed to pay into said estate, constitute a judgment in their favor within the provisions of section 27-533, Comp. St. 1929, which is as follows: "The county judge shall issue execution on judgments rendered by said court, and the proceedings upon any such execution shall, in all cases, be as is provided by law governing executions issued upon the judgments of a justice of the peace." Without statutory authority authorizing a proceeding by the legatees, devisees, or heirs at law directly against an executor of an estate personally for money owing the estate and ordered by him to be paid to the estate, an execution running to the legatees, devisees, and heirs at law of the state is unauthorized and therefore the execution should have been permanently enjoined.

We in no way pass upon the validity of the order entered by the county court or the enforcement thereof, except as herein determined, and in no way enjoin the county court from enforcing its order under the ample and sufficient methods therefor as provided by statute. Our holding only determines that the order entered by the court was not such a judgment as authorized the county court to issue an execution for its enforcement in favor of the legatees, devisees, and heirs at law of said estate and the enforcement of the execution issued should have been permanently enjoined.

REVERSED.